UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD WILLIS,

    Plaintiff,

    v.

CHASE HOME FINANCE,

    Defendant.

Civil Action No. 12-01314 (CKK)

MEMORANDUM OPINION
(February 8, 2013)

On August 6, 2012, Plaintiff Donald Willis ("Plaintiff"), proceeding *pro se*, filed this action against Chase Home Finance, alleging that Chase Home Finance subjected him to "predatory lending and mortgage fraud." Compl., ECF No. [1], ¶ 1. Presently before the Court are Plaintiff's [13] Amended Motion to Transfer, and a [6] Motion to Dismiss, or, in the Alternative, to Transfer Venue, filed by JPMorgan Chase Bank, N.A. (hereinafter "Defendant"), successor by merger to Chase Home Finance. Plaintiff's motion requests that the Court transfer the venue of this case to the "Georgia US District Court." Defendant's motion seeks dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or, alternatively, transfer of venue to the United States District Court for the Northern District of Texas, Fort Worth Division. Upon consideration of the parties' submissions[1] and the applicable authorities,

---

[1] While the Court renders its decision on the record as a whole, its consideration has focused on the following documents: Pl.'s Compl., ECF No. [1]; Pl.'s Mot. to Transfer (Amended) ("Pl.'s Mem."), ECF No. [13]; Def.'s Opp'n to Pl.'s Mot. to Transfer (Amended) ("Def.'s Opp'n"), ECF No. [14]; Pl.'s Response to Dismiss Plaintiff's Mot. to Transfer Venue ("Pl.'s Reply"), ECF No. [16]; Def.'s Mem. in Supp. of Def.'s Mot. to Dismiss or, in the Alternative, to Transfer Venue ("Def.'s Mem."), ECF No. [6]; Pl.'s Response to Def.'s Mot. for Transfer and in the Alternative to Dismiss ("Pl.'s Opp'n"), ECF No. [12]; Def.'s Reply to Pl.'s Response to Mot. to

the Court shall **DENY** Plaintiff's motion to transfer venue and **GRANT** Defendant's motion to transfer venue to the United States District Court for the Northern District of Texas, Fort Worth Division. In light of the transfer of venue, the Court shall not address the substance of Defendant's motion to dismiss and shall instead **DENY-WITHOUT-PREJUDICE** Defendant's motion to dismiss so that Defendant may re-file it, if appropriate, upon transfer to the United States District Court for the Northern District of Texas, Fort Worth Division.

## I. BACKGROUND

On August 6, 2012, Plaintiff, proceeding *pro se*, filed this action against Chase Home Finance, alleging that Chase Home Finance subjected him to "predatory lending and mortgage fraud." Compl. ¶ 1. One week later, on August 13, 2012, Plaintiff filed a [3] motion to transfer venue, requesting that the Court transfer venue to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). On August 16, 2012, due to the utterly cursory nature of Plaintiff's submissions, the Court issued an Order denying Plaintiff's motion to transfer without prejudice, with leave to re-file "a renewed motion providing sufficient factual content to allow the Court to conclude that transfer is appropriate by no later than September 12, 2012." Order (Aug. 16, 2012), ECF No. [4], at 4. In its August 16, 2012 Order, the Court made a concerted effort to explain how Plaintiff's motion was lacking and to apprise Plaintiff of the showing required to justify a transfer of venue under § 1404(a).

On August 28, 2012, Defendant, claiming to be the successor by merger to Chase Home Finance, served and filed the motion to dismiss or, in the alternative, to transfer venue that is presently before this Court. Through its motion, Defendant seeks the dismissal of Plaintiff's

---

Dismiss or, in the Alternative, to Transfer Venue ("Def.'s Reply"), ECF No. [15]. In an exercise of its discretion, the Court finds that holding oral argument would not be of assistance in rendering a decision. *See* LCvR 7(f).

Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6). In the alternative, Defendant asks the Court to transfer this action to the United States District Court for the Northern District of Texas, Fort Worth Division.

Upon receipt of Defendant's motion to dismiss, or to transfer venue, the Court, in accordance with the instructions of the United States Court of Appeals of the District of Columbia Circuit in *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), advised Plaintiff that he "must file an opposition to [Defendant's] motion by no later than September 14, 2012" or "the Court may treat the motion as conceded." Order (Aug. 28, 2012), ECF No. [8], at 2. However, on August 30, 2012, Plaintiff filed a [9] Notice of Appeal, appealing this Court's August 16, 2012 Order—*i.e.*, the denial without prejudice of his motion to transfer venue. The Court subsequently issued an Order, on September 6, 2012, which found that because the Court's denial, without prejudice, of Plaintiff's motion to transfer was not even a final adjudication of the merits of Plaintiff's attempts to transfer this case (let alone a final, appealable order), Plaintiff's Notice of Appeal was premature and as such, did not divest this Court of jurisdiction to proceed. *See* Order (Sept. 6, 2012), ECF No. [11], at 2-3. Accordingly, the Court advised Plaintiff that he was still expected to comply with all orders and deadlines issued by this Court, including the deadlines for filing a renewed motion for transfer of venue and a response to Defendant's motion to dismiss, or, in the alternative, to transfer venue. *Id.* at 3. On December 21, 2012, the D.C. Circuit dismissed Plaintiff's appeal for lack of prosecution; the mandate issued on February 6, 2013. *See* Mandate, *Willis v. Chase Home Finance*, No. 12-7086 (D.C. Cir. Feb. 6, 2013).

As instructed by the Court, Plaintiff filed his opposition to Defendant's motion to dismiss or to transfer venue on September 7, 2012, and his amended motion to transfer venue on September 12, 2012. Unlike Plaintiff's original motion, which specifically requested transfer to

the Northern District of Georgia, Plaintiff's amended motion less precisely requests transfer to the "Georgia US District Court." While the Court mentions this ambiguity in order to accurately reflect the record before it, it is ultimately immaterial to the Court's decision to deny Plaintiff's amended motion to transfer because, for the reasons set forth *infra* Part II.A, Plaintiff has failed to demonstrate the propriety of a transfer to any Georgia federal district court.

## II. DISCUSSION

The Court will first consider the parties' requests for transfers of venue, and since the Court concludes that transfer to the Northern District of Texas is proper for the reasons stated below, it need not reach the merits of Defendant's arguments for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Pub. Citizen v. U.S. District Court for the District of Columbia*, 486 F.3d 1342, 1348 (D.C. Cir. 2007) ("[C]ertain non-merits, non-jurisdictional issues may be addressed preliminarily[.]") (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425-26, 430-34, 127 S. Ct. 1184 (2007)). *See, e.g.*, *Spaeth v. Michigan State Univ. College of Law*, 845 F. Supp. 2d 48, 52-53 (D.D.C. 2012) (first considering the defendants' motions insofar as they sought severance and transfer and, finding both appropriate, declining to address the defendant's arguments for dismissal under Rule 12(b)(1) and Rule 12(b)(6)); *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 79 (D.D.C. 2009) (granting motion to transfer venue pursuant to 28 U.S.C. § 1404(a), obviating the need to address Defendant's motion to dismiss for lack of subject matter jurisdiction).

Both parties move to transfer venue pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" Determining whether transfer is appropriate under § 1404(a) calls for a two-part inquiry. The

Court must first ask whether the transferee forum is one where the action "might have been brought" originally. *Id.*

Neither party specifies the venue provision on which they rely, but the Court assumes their reliance on the general venue statute, which provides:

> **Venue in general.**—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Where a party is able to establish this threshold requirement that the transferee court lies within a district where the action "might have been brought," the Court must then turn to step-two, which requires the Court to determine whether the movant has shown that the "convenience of the parties and witnesses" and the "interest of justice" counsel in favor of transfer. 28 U.S.C. § 1404(a). Under § 1404(a), district courts have broad discretion to decide questions of "transfer according to individualized, case-by-case consideration of convenience and fairness." *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 50 (D.D.C. 2000) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27, 108 S. Ct. 2239 (1988)). In exercising this discretion, the Court generally looks to six private interest factors (the plaintiff's choice of forum, the defendant's choice of forum, whether the claim arose elsewhere, the convenience of the parties, the convenience of the witnesses, and the ease of access to sources of proof) and three public interest

factors (the transferee court's familiarity with the governing laws, the relative congestion of each court, and the local interest in deciding local controversies at home). *See Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 32-34 (D.D.C. 2008). In the end, if the balance of private and public interests favors a transfer of venue, then the Court may order a transfer. *Aftab*, 597 F. Supp. 2d at 80. Importantly, the moving party has the burden of establishing that a transfer is proper. *Omyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 3 (D.D.C. 2006).

### A. Plaintiff's Amended Motion to Transfer Venue

Preliminarily, the Court observes that the brief submitted by Plaintiff in support of his motion is a largely incomprehensible mishmash of disjointed and plainly irrelevant legal arguments. *See, e.g.*, Pl.'s Mem. at 2 (referring to the case as an "appeal" and complaining that "after being transferred to a bias [*sic*] trial judge this case was never properly heard" in violation of the "due process rights of appellants"); *id.* at 3-4, 5-6 (reciting language from various federal courts regarding standards for granting summary judgment, despite that no motion for summary judgment has been filed in this case); *id.* at 4 (complaining that the "trial jury" did not "allow discovery" and that "appellees" failed to provide the "appellants" with proper discovery – despite that discovery in this case has not yet commenced). Indeed, the bulk of Plaintiff's submission makes not even a passing mention of the issue of transfer, and the few isolated references thereto constitute wholly conclusory, nonsensical assertions. *See, e.g.*, *id.* at 1 ("Plaintiff was discriminated by all parties and Georgia is the right jurisdiction for this venue for his case."); *id* at 2 ("The Georgia jurisdiction is the right jurisdiction because the Court has already establish a prior venue and jurisdiction for this case."). The Court cannot and shall not consider arguments that Plaintiff has failed to make discernible or to explain the applicability of the cited authorities and legal principles to the facts of the case at hand.

6

More critically, Plaintiff's amended motion to transfer venue suffers from the same dearth of factual content as his original motion. Despite that the Court went to great lengths in its August 16, 2012 Order to explain to Plaintiff the showing he must make under § 1404(a), *see* Order (Aug. 16, 2012), ECF No. [4], at 2-3, Plaintiff has failed to so much as reference any facts about his case, or to even attempt to explain the circumstances giving rise to the allegations contained within his Complaint. Accordingly, Plaintiff's motion is once again devoid of the sort of factual content which would permit the Court to conclude that the action can and should be transferred to a Georgia federal court.

First, Plaintiff has made no attempt to specify a basis for venue in Georgia. Rather, as Defendant contends, and Plaintiff does not dispute on reply, Georgia appears to have no connection to either party or to any issues raised in the Complaint. Def.'s Mem. at 7. Plaintiff does not allege – either in the Complaint or in his briefing in support of his motion – that any of the three sub-parts of above-referenced general venue provision, 28 U.S.C. § 1391(b), apply. To the contrary, from what the Court can garner from Plaintiff's pleadings, the mortgage that is the subject of the lawsuit is for Plaintiff's home, which appears to be located in Fort Worth, Texas. *See* Compl. ¶¶ 3, 6. Further, as Defendant avers, Chase Home Finance, LLC was a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the state of Ohio. Def.'s Mem. at 7, n.7. On May 1, 2011, Chase Home Finance, LLC was merged with and into Defendant, JPMorgan Chase Bank, N.A. – a federally chartered bank with its principal place of business in the State of Ohio. *Id*. Defendant, JPMorgan Chase Bank, N.A., is the only surviving entity. *Id*.

Second, even if Plaintiff had established that the action "might have been brought" in Georgia – which he has not – he neglects to explain why the "convenience of the parties and

7

witnesses" and the "interest of justice" counsel in favor of transfer to a Georgia federal court. 28 U.S.C. § 1404(a). His opening brief makes no mention of any public or private interest factors that would weigh in favor of transfer to Georgia. *See generally* Pl.'s Mem. Instead, the only scintilla of an argument in this regard is that "[t]here is a bevy of cases concerning the issues of my case against the defendant which are already supported in the Georgia Jurisdiction." Pl.'s Mem. at 1. *See also id.* at 4 (curiously regurgitating language from the Seventh Circuit regarding the factors which guide the exercise of a court's discretion under 1404(a) and arguing only that Plaintiff "has significant ties to Georgia the district in that all the current cases are similar"). It is unclear to the Court whether Plaintiff here implies that, for some unexplained reason, the substantive law governing the resolution of this dispute would be the law of Georgia, and/or whether Plaintiff believes that Georgia's federal courts have a unique familiarity with the "issues" of Plaintiff's case. In any event, Plaintiff provides neither legal nor factual support for either proposition, and the Court itself refuses to squander additional time or resources in an inevitably futile attempt to decipher the undecipherable.

For the foregoing reasons, and because the Court cannot tell – neither from Plaintiff's motion nor his Complaint – what relationship the parties or this action have to Georgia, the Court cannot conduct the analysis required under § 1404(a) and shall therefore deny Plaintiff's motion to transfer venue.

### B. Defendant's Motion to Transfer Venue

Turning to Defendant's motion, Defendant argues that, in the event the Court declines to dismiss Plaintiff's case, the Court should transfer venue to the United States District Court for the Northern District of Texas, Fort Worth Division. For the reasons set forth below, the Court agrees.

Regarding the threshold question of whether this action "might have been brought" in the transferee forum, *see* 28 U.S.C. § 1404(a), the Court concludes that venue may permissibly lie in the United States District Court for the Northern District of Texas, Fort Worth Division. As mentioned *supra* Part II.A, although Plaintiff's Complaint is far from a paragon of clarity, it does indicate that the mortgage that is the subject of Plaintiff's allegations of predatory lending and fraud is for Plaintiff's residence, which Plaintiff identifies elsewhere in the Complaint to be located in Fort Worth, Texas. *See* Compl. ¶¶ 3, 6. As Defendant correctly contends, and Plaintiff does not dispute, Fort Worth lies within Tarrant County, which is located in the Northern District of Texas, Fort Worth Division. *See* Def.'s Mem. at 6-7. *See also* 28 U.S.C. § 124(a)(2). Accordingly, because "[a] civil action may be brought in … a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," and because the encumbered property that appears to be the subject of Plaintiff's suit is located in Fort Worth, Texas, venue is proper in the United States Court for the Northern District of Texas, Fort Worth Division.

Having established proper venue, the Court must now consider whether the Defendant has shown that the private interest and public interest considerations in this case counsel in favor of transfer to the Northern District of Texas, Fort Worth Division, in furtherance of the

"convenience of the parties and witnesses" and the "interest of justice."  28 U.S.C. § 1404(a). The Court finds that Defendant has made such a showing.  Regarding the private interest factors, as Defendant accurately observes and Plaintiff does not on reply dispute, this case appears to have no connection to the District of Columbia (or to Plaintiff's preferred transferee forum, Georgia), appears to be based on transactions that occurred where the Plaintiff resides – in Fort Worth, Texas – and in connection with property located in Fort Worth, Texas; and therefore presumably would involve evidence and witnesses located in or near Fort Worth, Texas.  *See* Def.'s Mem. at 8.  Furthermore, while it is true that as a general matter, a plaintiff's choice of forum is among the foremost private interest considerations, the deference normally given to a plaintiff's choice of forum is "lessened when the plaintiff's forum choice 'lacks meaningful ties to the controversy and [has] no particular interest in the parties or subject matter.'" *S. Utah Wilderness Alliance v. Norton*, 315 F. Supp. 2d 82, 86 (D.D.C. 2004) (citing *Islamic Republic of Iran v. Boeing Co.*, 477 F. Supp. 142, 144 (D.C. Cir. 1979)).

Public interest considerations likewise tip the balance in favor of a transfer to the Northern District of Texas, Fort Worth Division.  Although Plaintiff himself has neglected to clarify the statutory or common law bases supporting his claims, he does not respond to and therefore implicitly concedes Defendant's logical assertion that the claims, having accrued in Texas, are necessarily governed by the laws of the state of Texas.  *See* Def.'s Mem. at 5, 8.  This given, the Court finds that two key public interest factors – "the transferee's familiarity with the governing laws" and "the local interest in deciding local controversies at home" – both counsel in favor of transfer to the United States District Court for the Northern District of Texas, Fort Worth Division. *Montgomery*, 532 F. Supp. 2d at 34.

For the foregoing reasons, the Court finds that Defendant has made an adequate showing of both proper venue and that the balance of private and public interests favors a transfer to its preferred forum. Plaintiff has failed entirely to convince this Court otherwise. To the contrary, the brief submitted by Plaintiff in opposition to Defendant's motion does no more than rehash – nearly verbatim – the same unintelligible, irrelevant arguments asserted in Plaintiff's own motion to transfer, discussed *supra* Part II.A. *Compare* Pl.'s Opp'n *with* Pl.'s Mem.

Finally, it bears mention that Plaintiff's Complaint is nearly identical to a complaint that he filed against Chase Home Finance, LLC and Ameriquest Mortgage Company in the United States District Court for the Northern District of Texas, Dallas Division, on December 2, 2010 – which complaint was transferred, *sua sponte*, to the Fort Worth Division (and subsequently dismissed due to Plaintiff's failure to pay the required filing fee). *See* Def.'s Mem. at 1 -2; Def.'s Mem., Ex. 1 (Am. Compl. in *Willis v. Chase Home Finance, et al.*, No. 3:10-CV-2450-L (N.D. Tx. 2010) (hereinafter "Dallas Action")); Def.'s Mem., Ex. 3 (Dec. 30, 2012 Order in Dallas Action); Def.'s Mem., Ex. 4 (Feb. 11, 2011 Order in *Willis v. Chase Home Finance, LLC et al.*, No. 4:10-CV-993-Y (N.D. Tx. 2010)). Notably, as Defendant contends and the underlying court documents reflect, the only differences of substance between that complaint and Plaintiff's Complaint presently before this Court are the deletion of the word "Class" from the title of Plaintiff's instant Complaint and the removal of Ameriquest as a defendant. *Compare* Def's Mem. at 3 & Ex. 1 (Am. Compl. in Dallas Action) *with* Pl.'s Compl. In deciding to transfer the case to the Fort Worth Division, the Dallas Division reasoned that "[t]he incidents out of which Plaintiff's claims arose occurred in Tarrant County within the Fort Worth Division of the Northern District of Texas, making the Fort Worth Division of the Northern District of Texas a more convenient forum." Def.'s Mem. at 1 & Ex. 3 (Dec. 30, 2012 Order in Dallas Action).

While this holding is neither binding on this Court nor in any respect a determinative consideration in view of the Court's independent analysis set forth above, it nevertheless lends valuable credence to a finding that the ties between the allegations in Plaintiff's Complaint and the Fort Worth forum are sufficiently meaningful to warrant transfer.

### III. CONCLUSION

For the foregoing reasons, the Court shall **DENY** Plaintiff's [13] Amended Motion to Transfer this case to the "Georgia US District Court" and **GRANT IN PART** and **DENY-WITHOUT-PREJUDICE IN PART** Defendant's [6] Motion to Dismiss, or, in the Alternative, to Transfer Venue. Specifically, the Court shall, in an exercise of its discretion under 28 U.S.C. § 1404(a), **GRANT** Defendant's motion to transfer venue to the United States District Court for the Northern District of Texas, Fort Worth Division. Since the Court concludes that transfer to the Northern District of Texas, Fort Worth Division is proper, it need not address the merits of Defendant's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Accordingly, the Court shall **DENY-WITHOUT-PREJUDICE** Defendant's motion to dismiss so that Defendant may re-file it, if appropriate, upon transfer to the United States District Court for the Northern District of Texas, Fort Worth Division.

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge