Case 4:13-cv-00167-A Document 27 Filed 03/14/13 Page 1 of 6 PageID 131

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 14 2013

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DONALD WILLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-167-A |
| | § | |
| CHASE HOME FINANCE, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[1] filed in the above-captioned action by defendant, Chase Home Finance.[2] Plaintiff, Donald Willis, filed a response, and defendant filed a reply. Having considered all of the parties' filings, plaintiff's complaint, and applicable legal authorities, the court concludes that the motion to dismiss should be granted.[3]

---

[1] Plaintiff initiated this action by filing his complaint in the United States District Court for the District of Columbia. In response to the complaint, defendant filed the motion to dismiss or transfer venue. The District of Columbia court granted the motion to transfer venue and denied, without prejudice, the motion to dismiss. The court can see no reason to have the parties reurge the motion and response, and instead is ruling on the motion to dismiss that is currently on file.

[2] The motion is brought by JPMorgan Chase Bank, N.A., identified as the successor-by-merger to Chase Home Finance, LLC. In this memorandum opinion and order the court will identify defendant as named in plaintiff's complaint.

[3] The court questions whether plaintiff has adequately established the basis of the court's subject matter jurisdiction. Nevertheless, the court concludes that dismissal of the action is warranted.

I.

<u>Background and Allegations of the Complaint</u>

The complaint by which plaintiff initiated this action contains four headings, titled "Allegations." The first allegation is that defendant denied plaintiff the opportunity "to own and refinace [sic] his home because of predatory lending policies" and "engaged in a scheme to defraud the plaintiff out of his home." Compl. at 2. Allegation 2 states that defendant tried to dissuade plaintiff "from keeping his home by conducting predatory lending policies" against him and "other black individual home owners." <u>Id.</u> at 3.

Allegation 3 contains a laundry list of conduct in which defendant purportedly engaged, including discriminating against borrowers on the basis of "race, national orgin [sic], age and gender." The fourth allegation is that defendant "is part of a mortgage deception and predatory lending scheme to defraud" plaintiff out of the opportunity to own a home. <u>Id.</u> at 5. Included under allegations 1 and 3 are a list of practices in which plaintiff contends defendant has participated.

The basis of the motion to dismiss is that plaintiff has failed to state a claim for relief through any of the "allegations" in the complaint.

II.

## Standards Applicable to Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief,

3

the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

### III.

### Analysis

The court finds the complaint devoid of any factual allegations as would give defendant fair notice of plaintiff's claims against it. As far as the court is able to discern, the complaint contains no facts, but is comprised only of generalized assertions and legal conclusions. For example, although the complaint alleges that defendant engaged in a "scheme to defraud" plaintiff out of his home, it contains no facts supporting that, nor any of plaintiff's other contentions. Similarly, the list of tactics under Allegation 1 and Allegation 3 are really generalized statements or conclusions, rather than facts.

Additionally, although plaintiff is apparently attempting to assert a claim for predatory lending, the court can find no authority recognizing such a cause of action in Texas. Plaintiff has also failed to plead his fraud claim with the particularity expected by Rule 9(b) of the Federal Rules of Civil Procedure,

4

which requires plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Herrmann Holdings Ltd. v. Lucent Techs. Inc., 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotation marks and citations omitted).

Nowhere in the complaint has the court located anything more than legal conclusions or "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Iqbal, 556 U.S. at 678. Plaintiff has alleged nothing as would raise his right to relief above the speculative level. Twombly, 550 U.S. at 555.

As discussed in the motion to dismiss, plaintiff on December 2, 2010, filed an almost-identical complaint in the Dallas Division of this court. After being transferred to the Fort Worth Division, that complaint was dismissed on February 11, 2011, for failure of plaintiff to pay the required filing fee. The instant action thus represents plaintiff's second attempt to state his claims against defendant. Accordingly, the court can see nothing to be gained by allowing plaintiff to amend his complaint and give him a third bite at the apple.

5

IV.

Order.

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted.

The court further ORDERS that all claims and causes of action brought by plaintiff, Donald Willis, against defendant, Chase Home Finance, be, and are hereby, dismissed with prejudice.

SIGNED March 14, 2013.

JOHN McBRYDE
United States District Judge